**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ARITHA DIXON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:21-CV-2070-E-BH** |
| | ) | |
| **JELENA MCWILLIAMS, Chairman** | ) | |
| **Federal Deposit Insurance,** | ) | |
| | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the plaintiff's correspondence, filed November 4, 2021 (doc. 9), which states that she has been trying to seek legal representation.  To the extent that her correspondence may be liberally construed as seeking reconsideration of the order denying her prior motion for the appointment of counsel, it is **DENIED**.

As noted by the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration."  *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b).  *Id.*  Where a motion does not challenge a final judgment, it is considered under Rule 54(b).  *See McClendon v. United States,* 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

---

[1]  By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere*, 910 F.2d at 185). The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)); *Cabal v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017).

Here, the plaintiff attaches correspondence showing that she has contacted two attorneys in an effort to obtain legal representation. Even if this is sufficient to tilt this factor in her favor, the other two factors still weigh against the appointment of counsel. *See Neil v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984) (setting out three factors to be considered in determining whether a plaintiff should be appointed counsel in employment discrimination cases); *see also Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (finding that no single factor is conclusive). Any motion for reconsideration of the denial of appointment of counsel is **DENIED**. If the case proceeds to trial, the Court may reconsider on its own motion whether additional factors warrant appointing counsel at that time.

**SIGNED this 5th day of November, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE